IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MINISTER TIMOTHY LUTHER McNAIR,　　　　　　Case No. 2:16-cv-00871-SB

　　　　　　Plaintiff,　　　　　　　　　　　　　　　　　　**ORDER**

v.

STATE OF OREGON, et al.,

　　　　　　Defendants.

---

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at Snake River Correctional Institution (SRCI), brings this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court are Plaintiff's Motions to Compel, for Preliminary Injunction, for Leave to File Amended Complaint, and to Answer (ECF Nos. 15, 16, 19, and 20).

## DISCUSSION

### I.　Motion to Amend

On July 19, 2016, this Court dismissed Plaintiff's original Complaint (ECF No. 2) because it violated Fed. R. Civ. P. 8(a) and 10(b). The Court discussed the deficiencies of the Complaint as follows:

1 - **ORDER**

> Plaintiff lists the name of each Defendant followed by a brief summary of the Defendant's conduct and/or constitutional amendment(s) allegedly violated. As a result, in order to accurately construe Plaintiff's Complaint, it is necessary to make an outline of potential claims for each incident and match the claims to the Defendants allegedly involved. Construing the Complaint in this manner is overly burdensome and creates the risk that the Court or Defendants will fail to accurately determine the nature and number of Plaintiff's claims, or incorrectly identify the Defendants against whom each claim is brought.
>
> . . . .
>
> Finally, the State of Oregon, SRCI, and the SRCI Medical Department are dismissed on the basis that they are entitled to sovereign immunity from suit. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *see also Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 63-64, 71 (1989) (state is not a person within the meaning of § 1983).

Order of Dismissal (ECF No. 8) at 3.

In the same Order, this Court granted Plaintiff leave to amend with the following instructions:

> Plaintiff shall file an Amended Complaint which sets forth claims for relief. For example, if Plaintiff seeks to allege that Defendants retaliated against him for filing grievances, he shall allege a claim for retaliation, list the defendants against whom the claim is brought, and set forth a concise statement of facts that support a reasonable inference that each Defendant is liable for the alleged occurrence. Plaintiff is advised that each named Defendant must have been personally involved in the alleged constitutional violation. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A Defendant is not liable merely on the basis that he or she is a supervisor. *See Monell v. New York City Dep't of Soc. Serv.*, 436 U.S. 658, 691-94 (1978).

*Id.*

On October 31, 2016, Plaintiff filed an Amended Complaint (ECF No. 14). On February 13, 2017, Plaintiff filed a Motion to File an Amended Complaint, with a proposed *Second* Amended Complaint.

Because this Court previously granted Plaintiff leave to amend, this Court grants his Motion to Amend (ECF No. 19). The Clerk of the Court is directed to detach the proposed Second Amended Complaint from the Motion and file it in the Court record. However, this Court dismisses Plaintiff's

2 - **ORDER**

Second Amended Complaint for the reasons set forth in the Court's previous Order of Dismissal, i.e., for failure to comply with Fed. R. Civ. P. 8(a) and 10(b). *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b) (directing court to dismiss complaint brought by prisoner against governmental entity, official, or employee for failure to state a claim).

Plaintiff again sets forth his factual allegations in a section organized by defendant,[1] and *also* in a section captioned "Statement of Facts" (which is ordered chronologically).[2] The Second Amended Complaint is overly burdensome because "it is necessary to make an outline of potential claims for each incident and match the claims to the Defendants allegedly involved." Order of Dismissal (ECF No. 8) at 3. As previously noted by the Court, this creates the risk that the Court or Defendants will fail to determine accurately the nature and number of Plaintiff's claims, or will incorrectly identify the Defendants against whom each claim is brought. *Id.* This problem is exacerbated by the fact that under the heading "Relief Requested," Plaintiff sets forth his claims against *all* Defendants despite the fact that it is apparent from the face of the Second Amended Complaint that not all Defendants were personally involved in each alleged violation. *See Salazar v. Cty. of Orange*, No. 12-56545, 564 F. App'x 322, 322 (9th Cir. 2004) (affirming dismissal of complaint which lumped together claims and defendants, and left defendants guessing which claims were brought against them).

For all of these reasons, this Court grants Plaintiff's Motion to Amend (ECF No. 19). The Clerk of the Court is directed to detach the proposed Second Amended Complaint and file it in the Court record. Further, this Court dismisses Plaintiff's Second Amended Complaint. Plaintiff may file a Third Amended Complaint, within thirty days of the date of this Order, curing the deficiencies

---

[1] *See* Second Am. Compl. at 8-25.

[2] *See* Second Am. Compl. at 25-37.

3 - **ORDER**

noted above. Plaintiff shall use the Court's prisoner civil rights form. Plaintiff is advised that if he fails to file a Third Amended Complaint, or fails to use the Court's prisoner civil rights complaint form, the Court will dismiss this proceeding, with prejudice.

## II. **Remaining Motions**

Because this Court dismisses Plaintiff's Second Amended Complaint, the Court denies as moot his Motions to Compel and to Answer (ECF Nos. 15 and 20). Additionally, this Court denies Plaintiff's Motion for Preliminary Injunction (ECF No. 16), with leave to renew upon satisfactory compliance with this Order. Plaintiff is advised that a mandatory injunction which goes beyond maintaining the *status quo*, shall not be granted unless Plaintiff demonstrates that the facts and law clearly favor an injunction. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015); *see also Am. Freedom Def. Initiative v. King Cty.*, 796 F.3d 1165, 1173 (9th Cir. 2015) (mandatory injunctions are disfavored and will not be entered in doubtful cases).

## CONCLUSION

Based on the foregoing, this Court grants Plaintiff's Motion to Amend (ECF No. 19). The Clerk of the Court is DIRECTED to detach the proposed Second Amended Complaint and file it in the Court record. FURTHER, this Court dismisses Plaintiff's Second Amended Complaint for failure to comply with Fed. R. of Civ. P. 8(a) and 10(b). Plaintiff may file a Third Amended Complaint, within thirty days of the date of this Order, correcting the deficiencies noted above. Plaintiff shall use the Court's prisoner civil rights form.

///

///

///

///

4 - **ORDER**

Finally, this Court denies as moot Plaintiff's Motions to Compel and to Answer (ECF Nos. 15 and 20), and denies Plaintiff's Motion for Preliminary Injunction (ECF No. 16). The Clerk of the Court is DIRECTED to send Plaintiff a prisoner civil rights complaint form with this Order.

IT IS SO ORDERED.

DATED this 23 day of February, 2017.

                                                                 *Marco Hernández*
                                                           Marco A. Hernández
                                                           United States District Judge

5 - **ORDER**